IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| OLIVER EMANUEL PEARSON,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>Defendant. | Cause No.  CV 10-35-H-DWM-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending are Plaintiff Oliver Emanuel Pearson's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).  Mr. Pearson alleges Defendant used excessive force in violation of Mr. Pearson's federal constitutional rights thereby subjecting Defendant to liability under 42 U.S.C. § 1983.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  After conducting the

prescreening process mandated by 42 U.S.C. 1915, the Court will recommend Defendant's Complaint be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Pearson submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Pearson is required to pay the statutory filing fee of $350.00.  Mr. Pearson submitted an account statement showing he has insufficient funds to pay an initial filing fee, therefore, it will be waived.  Mr. Pearson will be obligated to make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Mr. Pearson to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.

## II. STATEMENT OF CASE

### A. Parties

Mr. Pearson is a state prisoner incarcerated at Dawson County Correctional Facility. All the allegations in Mr. Pearson's Complaint involve events that occurred while he was incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendant is Larry Pasha, a correctional officer at Montana State Prison.

### B. Allegations

Mr. Pearson alleges on July 15, 2009, he was improperly touched by Defendant Pasha during a pat search. He contends Defendant Pasha fondled his body and used "excessive force" by squeezing his genitals with enough force to bring tears to his eyes. He alleges Defendant Pasha did this to him twice before, in January 2009 and in March 2009. Mr. Pearson does not allege any additional physical consequences, or that the conduct required any physical treatment. He alleges he discussed the incident with counselors.

## III. SCREENING PER 28 U.S.C. § 1915(e)(2)

### A.   Standard

As Mr. Pearson is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the Defendant if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles." *Iqbal*, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson,* 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to

CV-10-00035-H-DWM-RKS / PAGE 6

amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Analysis

To state a claim for damages under 42 U.S.C. §1983 that his Eighth Amendment right to be free from cruel and unusual punishment was violated through the use of excessive force a prisoner's allegations must meet certain tests. The "core judicial inquiry" focuses on ". . . the nature of the force–specifically, whether it was nontrivial and "was applied. . . maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992 ); Wilkins v. Gaddy, 130 S. Ct. 1175, 1179 (2010). Such a claim may be stated even ". . . When the inmate does not suffer serious injury." Hudson, 503 U.S. at 4. A prisoner who

alleges sufficient force but does not allege more than a *de minimis* physical injury suffered in an occurrence may not recover damages for any mental or emotional injury alleged to be suffered during that occurrence although nominal and possibly punitive damages may be available. 42 U.S. C. §1997e(e); <u>Oliver v. Keller</u>, 289 F. 3d 623 627-8 (9th Cir. 2002). The nature of the force remains the threshold test: "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Hudson</u>, 503 U.S. at 9; <u>Wilkins</u>, 130 S.Ct. at 1178. The extent of injury may provide some indication of the amount of force applied. <u>Id</u>. An inmate who complains of a "push or shove" that causes no discernable injury almost certainly fails to state a valid excessive force claim. <u>Id</u>. at 1179.

     Under these tests Mr. Pearson's complaint fails to state a claim. A court must go beyond simply taking the allegations as true in a pro se civil rights claim and instead, in addition, accord every benefit of the doubt to Mr. Pearson's pleadings, so this discussion ignores his failure to allege the Defendant's necessary state of mind. See, for example, <u>Hebbe v. Pliler</u>, 2010 WL 2947323, __ F. 3d. ___, (9th Cir No. 07-17265,

July 29, 2010). However, a court applying even that relaxed standard can only evaluate the facts that are alleged. The force that Mr. Pearson describes was allegedly applied fleetingly in 3 isolated instances over a period of 7 months. It caused no alleged visible consequences, required no physical treatment or even evaluation. Mr. Pearson alleges momentary, acute temporary and transient discomfort. Assuming his claims are true, that force does not reach constitutional levels. Force sufficient to bring fleeting tears to one's eyes does not rise beyond the normal experience of everyone's daily life: bumped heads, banged knees, and barked shins are a few of the daily occurrences that bring a fleeting, similar reaction to all of us from time to time. Force sufficient to inflict that level of discomfort does not implicate the Eighth Amendment. Mr. Pearson has available to him prison grievance systems to redress this claimed misconduct. The allegations of this case do not meet the minimum allegation of force required to state a claim under 42 U.S.C. § 1983 for violation of Eighth Amendment rights.

Based on the foregoing, the Court issues the following:

ORDER

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on June 25, 2010.

3. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

The Court also makes the following:

## RECOMMENDATIONS

1.  Mr. Pearson's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Pearson failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Pearson may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of August, 2010.

      */s/ Keith Strong*
      Keith Strong
      United States Magistrate Judge