

FILED

SEP 13 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| OLIVER EMANUEL PEARSON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LARRY PASHA ) <br> ) <br> Defendant. ) <br> _____ ) | CV 10-35-H-DWM-RKS <br><br> ORDER |

Plaintiff Oliver Pearson, a state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983 alleging Defendant Larry Pasha used excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on August 6, 2010, recommending that Pearson's Complaint be dismissed with prejudice for failure to

1

state a claim. Pearson timely objected to the Findings and Recommendation on August 11, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects.[1] 28 U.S.C. § 636(b)(1). Because the parties are familiar with the factual and procedural background, it will not be restated here.

# I

In his Complaint, Pearson alleges that Pasha sexually assaulted him by squeezing his genitals with enough force to bring tears to his eyes during a pat search. Judge Strong found Pearson failed to state an excessive force claim because the quantum of force "sufficient to bring fleeting tears to [Pearson's] eyes does not rise beyond the normal experience of everyone's daily life: bumped heads, banged knees, and barked shins . . . bring a fleeting, similar reaction to all . . . from time to time." Findings and Recommendation 9.

# II

### a.

Pearson first objects that the Court should review his complaint cognizant of the fact that he lacks counsel. The Court and Judge Strong do so. See Erickson v.

---

[1] In support of his objections, Pearson subsequently submitted copies of his prison grievance forms on August 18, 2010.

Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations and citations omitted)). Pearson does not identify any example of Judge Strong failing to liberally construe his Complaint, and the Court finds none. The objection is denied.

### b.

Next, Pearson asks the Court to "bare in mind that . . . [he] was sexually molested as a child" and diagnosed with post-traumatic stress disorder. Pl.s' Objections 2. These facts, however, are not relevant to Judge Strong's finding that Pearson failed to state a claim under the Eighth Amendment, and thus are not considered.

### c.

Finally, Pearson requests the Court appoint counsel to assist him in this action. There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 254 F.3d 952, 962 (9th Cir. 1998). The Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." Terrell v. Brewer, 935

F.2d 1015, 1017 (9th Cir. 1991). Pearson has not demonstrated exceptional circumstances in accordance with Terrell. Accordingly, the Court will not request counsel to represent him in this matter.

**d.**

Despite denying Pearson's objections, one aspect of Judge Strong's recommendation is subject to reconsideration which is that Pearson failed to state an Eighth Amendment excessive force claim.

Clearly "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)) (internal quotation marks omitted). When a prison official is accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The malicious use of force by a prison official to cause harm violates contemporary standards of decency "whether or not significant injury is evident." Id. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id.

4

This is not to say that "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. A "push or shove"–or other de minimis use of force that "is not of a sort repugnant to the conscience of mankind"– does not give rise to a federal cause of action. Id.

In applying this standard, Judge Strong determined the alleged force was fleeting, left no injuries and the sort of force that is a part of the "normal experience of everyone's daily life." Findings and Recommendation 9. Based on this finding he concluded the alleged force was de minimis, so it does not give rise to an Eighth Amendment claim.

Practically Judge Strong may be correct, but legally a deliberate, unnecessary and unwelcomed squeezing of one's genitalia with enough force to produce tears may not be a de minimis use of force. A de minimis use of force is not enough to state an Eighth Amendment claim, "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 10 (quoting Whitley, 475 U.S. at 327). Accepting the allegations in the Complaint, the Defendant assaulted Pearson's genitalia. In most circumstances such an act is "repugnant to the conscience of mankind." The malicious squeezing of a person's genitalia might equate with a "push or a shove" but it seems more likely "to ignore the 'concepts of dignity, civilized standards, humanity and decency' that animate

5

the Eighth Amendment." Id. at 11 (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)).

Accordingly, accepting Pearson's allegations as true and according his pleading every benefit of the doubt, in my view Pearson has stated a claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment. This Order expresses no view on the underlying merits of his claim. To prevail, Pearson will have to prove the alleged assault occurred and that the Defendant's use of force was malicious and sadistic rather than part of a "good-faith effort to maintain or restore discipline." Id. at 7.

Based on the foregoing, the Court issues the following:

**ORDER**

1. The Findings and Recommendation in this matter (dkt #5) are rejected.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendant Pasha to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P.

6

12(a)(1)(B).

    3. The Clerk of Court shall forward the documents listed below to:

> Legal Counsel for the
> Montana Department of
> Corrections
> P.O. Box 201301
> Helena, MT 59620-1301

- \*     Plaintiff's Complaint (Court Doc. 2);
- \*     this Order,
- \*     a Notice of Lawsuit & Request to Waive Service of Summons; and
- \*     a Waiver of Service of Summons

Should counsel determine they do not represent Defendant in this matter, they should notify the Court's Pro Se Department as soon as possible. Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

    4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a

7

notice. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

6. Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

pursuant to Fed.R.Civ.P.41(b).

8. Pursuant to 28 U.S.C. § 636(b), this matter is referred to Magistrate Judge Strong.

Dated this 13st day of September, 2010.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Officer Larry Pasha. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-10-35-H-DWM-RKS. The Court has completed its pre-screening and concludes Defendant Pasha must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

_____   9/13/2010
Donald W. Molloy
United States District Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request that he waive service of summons in the following action: <u>Pearson v. Pasha</u>, Civil Action No. CV-10-35-H-DWM-RKS filed in the United States District Court for the District of Montana. Defendant also received a copy of the Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by <u>Fed.R.Civ.P. 4</u>:

_____; _____;

The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendant if an answer or motion under <u>Fed.R.Civ.P. 12</u> is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following Defendant:

_____; _____;

_____    _____
DATE                             SIGNATURE

                                 _____
                                 PRINTED/TYPED NAME

                                 _____
                                 ADDRESS