IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| OLIVER EMANUEL PEARSON, | ) | CV 10-35-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY PASHA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Oliver Pearson, a state prisoner proceeding pro se, brought this action alleging Defendant Larry Pasha, a Correctional Officer employed by the Montana Department of Corrections, is liable under 42 U.S.C. § 1983 for excessive use of force in violation of his constitutional rights. Specifically, Pearson alleges Officer Pasha squeezed his genitals with enough force to bring tears to his eyes during a pat search. Both parties moved for summary judgment.

Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendations on June 2, 2011, recommending that both motions be dismissed. In doing so, Judge Strong found Officer Pasha presented evidence calling into question the veracity of Pearson's allegation, but Pearson's allegation in his verified complaint nevertheless created a genuine issue of material fact.

Both sides timely objected to Judge Strong's Findings and Recommendations, and are thus entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Despite the parties' objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Officer Pasha objects that Pearson presented no evidence to support his claim of excessive force beyond his uncorroborated assertions. The objection is not well taken. Judge Strong correctly found Pearson's verified pleading includes allegations that Pasha squeezed his genitals producing tears in his eyes, these facts are within Pearson's personal knowledge, and thus the alleged facts are treated as if they were presented in an affidavit. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995).

Officer Pasha next objects that given the state of the record there is no genuine issue of material fact for a jury to resolve. The record shows (1) Pasha originally complained that Pasha took too long in conducting a pat search and failed to mention he squeezed his testicles, (2) the eyewitness Pearson identified saw nothing inappropriate occur during the pat search, and (3) no one can corroborate Pearson's allegation. To find, as Defendant implores, no genuine issue despite the statements in Pearson's verified complaint would require the Court to inappropriately weigh the evidence and resolve the issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-55 (1986). The jury will address the discrepancies between Pearson's testimony and the countering evidence. If the jury believes Pearson, it could return a verdict for him.

Pearson brings his own objections. He first objects that an affidavit submitted in support of Pasha's motion contradicts official procedures on how an officer should conduct a pat search of an inmate's groin area. The objection is irrelevant. Judge Strong did not use the contested statement to deny Pearson's motion. Moreover, the contested statement does not impact the fact that there is a genuine issue of material fact for a jury to resolve.

He also objects that the pat search at the heart of this action resulted in the most "unpleasant feeling" and he told his counselor about what took place. This

objection is also irrelevant. Presuming both points are true, there still remains a genuine issue to be resolved at trial.

Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #37) are adopted in full;

IT IS FURTHER ORDERED that both Plaintiff Pearson's Motion for Summary Judgment (dkt #26) and Defendant Pasha's Motion for Summary Judgment (dkt #28) are DENIED.

Dated this 30th day of August, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT