FILED
SEP 2 0 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| OLIVER EMANUEL PEARSON,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>Defendant. | Cause No. CV 10-00035-H-DWM<br><br>ORDER |

Pending is Plaintiff Oliver Pearson's Motion for Subpoenas filed September 7, 2011. (Court Doc. 42). Mr. Pearson requests subpoenas for Investigator Richard Collins's report pertaining to the July 15, 2009 incident; all incident reports made against Larry Pasha during the time he was employed at Montana State Prison; a criminal investigation background check; Larry Pasha's employee work location designation between 2007 and 2009 and on July 15, 2009; the record in this case; witness William Kelley, and witness John Shaack.

As set forth in the August 30, 2011 trial scheduling order (Court Doc. 41), the United States Marshals Service will be required to serve proper subpoenas requested by Mr. Pearson. Those requests are due on or before October 7, 2011. But as set forth in the August 30, 2011 Order (Court Doc. 41), those subpoena

requests must comply with several requirements. First, to the extent Mr. Pearson is seeking a subpoena for witnesses to bring documents to trial and/or for witnesses Kelley and Shaack to testify at trial, he must provide the appropriate witness fee. As set forth in the August 30, 2011 Order,

> . . . Each witness is entitled to $40.00 plus mileage for the distance between his or her home or work address and the courthouse at a rate of 51¢ per mile. *See* 28 U.S.C. § 1821(b), (c)(2), (f); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).
> The witness fee must be paid by institutional check or money order made payable to the witness. The check or money order must be attached to Plaintiff's request to the Court to subpoena the witness. The Court will not order service of any subpoena that is not accompanied by the appropriate witness attendance fee.

(Court Doc. 41, p. 10, ¶ 11(e)). Accordingly, Mr. Pearson must submit the following amounts: (1) for William Kelley–$40.00 plus $26.52 for mileage for a total of $66.52; and (2) for John Shaack–$40.00 plus $44.37 for a total of $84.37. The Court will not direct the service of any subpoena until the appropriate witness fee has been received. This ruling will not foreclose the testimony of any of the individuals listed above. If these individuals are willing to voluntarily testify, Mr. Pearson can present them at trial. But, the Marshall's Office will not be ordered to serve subpoenas without the appropriate witness fees.

In addition, with regard to the requests for subpoenas duces tecum requesting that documents or materials be brought to trial there are several

2

problems. First, requests for subpoena duces tecum must identify the witness whom is to be ordered to bring the items to trial and provide a current address for that witness. Mr. Pearson has not provided this information with regard to his requests for subpoenas duces tecum.

Secondly, the August 30, 2011 trial scheduling order requires that all exhibits which Mr. Pearson intend to use at trial must be given to the Court and exchanged with opposing counsel prior to October 7, 2011. Therefore, Mr. Pearson must have a copy of any document he intends to use as evidence at trial prior to October 7, 2011. Thus, if Mr. Pearson is using the subpoena process to discover exhibits he wants to use for trial, he will be precluded from using those exhibits unless those documents/materials have been provided to the Court and exchanged with opposing counsel prior to October 7, 2011.

Finally, two requests for subpoenas are unclear. Mr. Pearson's request for a "criminal investigation background check" is vague. Any request for subpoena duces tecum must be specific in identifying the items it seeks. It should be noted that Mr. Pearson cannot use a subpoena duces tecum to have a criminal background check done on someone. He must provide an offer of proof concerning the existence of the document and the location of the document. Subpoenas duces tecum can only be used to obtain documents already in

existence.

It is also unclear what Mr. Pearson means to obtain by seeking a subpoena for "the record in this case." The Clerk of Court will be directed to provide Mr. Pearson a copy of the Court's docket. The record in this case is all electronically stored as indicated on that docket. To the extent Mr. Pearson would like a particular document from the record, he may make such a request to the Clerk of Court's office and provide the appropriate copying fee of ten cents a page.

Mr. Pearson is again reminded that he need not subpoena any witness who is on Defendant's will-call witness list. However, if Defendant moves before trial to quash a subpoena to any of his will-call witnesses, and if Mr. Pearson opposed quashing of the subpoena, Mr. Pearson may be required to pay that witness's fees.

The Clerk of Court will be directed to provide Mr. Pearson subpoena forms for this action to be filled out and returned to the Clerk's Office with the appropriate witness fees.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Mr. Pearson's Motion for Subpoenas (Court Doc. 42) is denied.

2. The Clerk of Court is directed to provide Mr. Pearson with a copy of the docket in this case and seven copies of subpoena forms filled out with the appropriate case name, the address of the courthouse where trial will be

conducted, and the date and time of trial.

3. Mr. Pearson must promptly inform the Court and opposing counsel for the Defendant of any change of address.

Dated this 19th day of September, 2011.

_____
Donald W. Molloy, District Judge
United States District Court