IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
SEP 29 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| OLIVER EMANUEL PEARSON,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>Defendant. | Cause No. CV 10-00035-H-DWM<br><br>ORDER |

Pending is Plaintiff Oliver Pearson's Motion for Court to Serve Plaintiff's Subpoena Request (dkt # 44) and his Motion for Continuance. (dkt #45). Defendant has not responded to either motion but the time for doing so has not yet run. Defendant has filed a notice of objection to the continuance request. (dkt #46). Given Defendant's objection and for the reasons set forth herein, both motions will be denied.

## I. SERVICE OF SUBPOENAS AND MOTION FOR RECONSIDERATION

The Court addressed Mr. Pearson's Motion for Subpoenas in its Order dated September 20, 2011 (dkt #43). The next day Mr. Pearson filed a Motion for Request to Serve Plaintiff's Subpoena Requests. (dkt #44). It appears Mr. Pearson

did not receive the Court's September 20, 2011 Order before mailing his Request to Serve Subpoena Requests because the second request was dated September 19, 2011, the day before the Court issued its Order on the first request for subpoenas. Regardless, the request to serve subpoena requests and Mr. Pearson's request for reconsideration of the denial of the subpoena requests set forth in his motion for continuance will be denied.

Local Rule 7.3 requires a party seeking reconsideration of an order to first file a motion for leave to file a motion for reconsideration. The motion for leave to file a motion for reconsideration must demonstrate that the facts or applicable law are materially different from the facts or applicable law presented to the Court before its initial denial of the motion for subpoenas or that the party did not know such fact or law before entry of the order despite the exercise of reasonable diligence. Mr. Pearson has not complied with this rule.

Mr. Pearson has presented no new argument to convince the Court the prior denial of the motion for subpoenas was inappropriate. There are two types of subpoenas–discovery subpoenas to third parties and trial subpoenas. See F. T.C. v. Netscape Comm. Corp., 196 F.R.D. 559, 560 (N.D.Cal. 2000); see also Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 562 (S.D.Cal. 1999). Discovery subpoenas include requests for documents and other items from third

parties for inspection and other purposes. Trial subpoenas generally request attendance at a hearing or trial, (see Fed.R.Civ.P. 45(a)(1)-(2)(A)), and may be used in narrow circumstances to secure documents. See Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569, 1 (E.D.Pa. 1997) (trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation); see also Rice v. U.S., 164 F.R.D. 556, 558 n. 1 (N.D.Okla. 1995) (trial subpoenas may be used to ensure availability at trial of original documents previously disclosed by discovery).

Generally, subpoena requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period. See Integra Lifesciences, 190 F.R.D. at 561-62. Many courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period. See Rice v. U.S., 164 F.R.D. at 557-559 (subpoenas duces tecum for particular records, issued to third parties after close of discovery, were quashed as improper attempt to engage in discovery after discovery cut-off); see also F.T.C., 196 F.R.D. at 560-561. Courts have emphasized that a party's further investigation and trial preparation after a discovery cut-off may not invoke the authority of the court to issue a Rule 45 subpoena. See Rice, 164 F.R.D. at 558.

3

It seems clear that Mr. Pearson's subpoena requests are for discovery and as such are in violation of the November 24, 2010 Scheduling Order (dkt # 20). Mr. Pearson seeks to subpoena all incident or grievances filed against Defendant Pasha during his employment at Montana State Prison. That information should have been obtained during discovery either through a Rule 34 request for production of documents served upon Defendant or through Rule 45 subpoenas duces tecum to third parties.

In the November 24, 2010 Scheduling Order, Mr. Pearson was provided with a sample trial scheduling order and a packet of applicable rules from the Federal Rules of Civil Procedure and the Court's Local Rules. Not only did that packet contain all the Federal Rules regarding discovery it had forms for requesting the production of documents under Rule 34 and for requesting admissions under Rule 51. It also contained Rule 37 which sets out the requirements for filing a motion to compel if a party fails to comply with discovery requests. (dkt # 20-2).

The Scheduling Order also set a discovery deadline of February 23, 2011. By setting this deadline, the Court limited the time during which the parties could serve discovery requests or invoke the Court's subpoena power to obtain documents from third parties. If Mr. Pearson believed the information to be of

4

importance, he should have obtained the information in discovery or attempted to show good cause for modifying the discovery deadline. Mr. Pearson will not be allowed to now utilize subpoenas duces tecum to obtain discovery after the discovery deadline.

To the extent Mr. Pearson's subpoena requests are trial subpoenas they may only seek the production of original documents previously disclosed by discovery. But, as set forth in the September 20, 2011 Order denying the Motion for Subpoenas (dkt # 42), Mr. Pearson must have a copy of any document he intends to use as evidence at trial prior to October 7, 2011. Thus, if Mr. Pearson is using the subpoena process to discover exhibits he wants to use for trial, he will be precluded from using those exhibits unless they have been provided to the Court and exchanged with opposing counsel prior to October 7, 2011.

## II. CRIMINAL BACKGROUND CHECK

Mr. Pearson also asks the Court to order appropriate agencies to conduct a criminal investigation background check on Defendant Pasha. Mr. Pearson cites no authority for such a request and the Court cannot locate any authority requiring the Court to order a criminal background check on a defendant in a civil case at the request of the plaintiff. The Court cannot act as an advocate for Mr. Pearson and thus the request is denied.

## III. MOTION FOR CONTINUANCE

Mr. Pearson provides several reasons for his request for a continuance. First, he states that the opposing party did not object to the continuance. Almost immediately after Mr. Pearson's motion for continuance was filed, Defendant filed an opposition to the motion indicating Defendant "unequivocally and expressly" objected to the continuance requested by Mr. Pearson. (dkt # 46).

In light of this objection, the Court will address the merits of the motion. In considering a motion to continue a trial date, the Court should consider a party's diligence in preparing the case for trial; how likely it is that the need for a continuance could be met if the continuance is granted; the inconvenience to the Court and the opposing party, including witnesses; and the extent of harm the party might suffer as a result of a denial of the continuance. U.S. v. Flynt, 756 F.2d 1352 (9th Cir. 1985).

### A. Witness Fees

Mr. Pearson first argues he needs additional time to raise money to subpoena a witness to be present at trial. On September 29, 2011, the Clerk of Court's Office received a subpoena for John Shawack with a cashier's check for the witness fee. As the witness fee has been provided, this is no longer grounds

for a continuance.[1]

**B. Outstanding Discovery**

Next, Mr. Pearson argues the continuance will enable him to complete outstanding discovery matters. He states he is at "disadvantage" absent relevant material information in this case, that Defendant did not comply with his initial disclosure obligation, and Defendant did not properly supplement his discovery.

Mr. Pearson argues Defendant did not comply with his initial disclosure obligations. However, this matter is exempt from the initial disclosure requirement as stated in Fed. R. Civ. P 26(a)(1)(B)(iv). Therefore, Mr. Pasha is under no obligation to supply or supplement initial disclosures.

Mr. Pearson also argues that Defendant did not properly supplement his discovery. This is the first the Court has heard of a failure to supplement. Discovery in this case closed on February 23, 2011. All motions were due by April 1, 2011. No discovery motions were filed by either party.

A scheduling order is set to allow the Court to control its docket and avoid

---

[1]The cashier's check submitted was made out to the Court as opposed to the witness as required by the Court's Scheduling Order. (dkt #41, p. 10, ¶11(e)(3)). The check has been returned with instructions to resubmit a check made payable to John Shawack in the amount of $70.60 ($40.00 witness fee plus $30.60 for mileage from the prison to Helena). The mileage calculation in the September 20, 2011 Order (dkt # 43) was incorrect.

7

last minute motions regarding issues which should have been dealt with months ago. As the Ninth Circuit has observed,

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005). If there was a failure to supplement a discovery request, Mr. Pearson should have filed a motion to compel discovery. Mr. Pearson does not indicate which discovery response has not been supplemented. No motion having been filed, the Court will not grant a continuance on a vague allegation that there were problems with discovery.

## IV. CONCLUSION

Mr. Pearson's motions will be denied. The Court will not delay the trial in this matter due to Mr. Pearson's failure to diligently prepare his case for trial. The discovery period is closed and this is not the time to be initiating discovery efforts whether it be through subpoena requests or other requests to the Court. If Mr. Pearson is at a disadvantage due to a lack of relevant material, it is noone's fault or

8

problem but his own. Mr. Pearson had an obligation to participate in discovery to prepare his case for trial. If Defendant did not cooperate in that discovery process Mr. Pearson had an obligation to bring that to the Court's attention prior to the motions deadline.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Mr. Pearson's Motion to Serve Subpoenas (dkt #44) is denied.

2. Mr. Pearson's Motion for Continuance (dkt #45) is denied.

3. Mr. Pearson must promptly inform the Court and opposing counsel for the Defendant of any change of address.

Dated this 29th day of September, 2011.

Donald W. Molloy, District Judge
United States District Court