FILED
OCT 07 2011
PATRICK E. DUFFY, CLERK
By ____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

OLIVER EMANUEL PEARSON,

Plaintiff,

vs.

LARRY PASHA,

Defendant.

Cause No. CV 10-00035-H-DWM

ORDER

Pending is Plaintiff Oliver Pearson's Subpoena Request (dkt # 53) and Objections to September 29, 2011 Order which has been construed as a Motion for Reconsideration. (dkt # 55).

The subpoena request is the same request which has been denied twice already and will be denied again. Local Rule 7.3 requires a party seeking reconsideration of an order to first file a motion for leave to file a motion for reconsideration. The motion for leave to file a motion for reconsideration must demonstrate that the facts or applicable law are materially different from the facts or applicable law presented to the Court before its initial denial of the motion or that the party did not know such fact or law before entry of the order despite the exercise of reasonable diligence. Mr. Pearson has not complied with this rule.

Mr. Pearson presents no new argument to convince the Court the prior denials of his subpoena requests were inappropriate. Mr. Pearson did file a motion for discovery prior to Defendant's entry of appearance and prior to a scheduling order being issued. That motion was denied on that basis (dkt #17). Moreover, that request did not ask for the documents and materials currently sought in Mr. Pearson's subpoena request. The Scheduling Order clearly set out the discovery process and provided Mr. Pearson with copies of the applicable rules. No motions regarding discovery were filed after the Scheduling Order. If Defendant failed to comply with his discovery obligations, Mr. Pearson had the opportunity to file a motion to compel on or before the April 1, 2011 motions deadline. He did not.

The Court has ruled on this issue. It denied Mr. Pearson's request for discovery subpoenas twice now and as such has already reconsidered the denial of the subpoena requests. Mr. Pearson does not seem to understand that he will not be getting further discovery in this case. His requests for discovery subpoenas have been denied.

Mr. Pearson is correct that pro se pleadings are construed liberally, something the Court has been careful to do in this case. Nevertheless, even pro se litigants are held to the requirements of the federal and local rules, and a failure to appropriately follow those rules may result in sanctions up to dismissal. Ghazali

v. Moran, 46 F.3d 52, 54 (9th Cir.1995).

Mr. Pearson must comply with the Court's order and not rehash every ruling he does not like. Mr. Pearson has filed his subpoena requests three times now. The Court has provided a detailed analysis as to why those subpoena requests which constitute discovery are denied. This abusive litigation practice interferes with the Court's ability to hear this case and is a waste of judicial resources. Mr. Pearson must now move on and prepare this matter for trial without the documents he seeks. Failure to comply with the Court's order may lead to dismissal of the case. Fed. R. Civ. P. 16(f)(1)(C).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Mr. Pearson's Subpoena Request (dkt # 53) is denied.

2. Mr. Pearson's Motion for Reconsideration (dkt # 55) is denied.

3. Mr. Pearson must promptly inform the Court and opposing counsel for the Defendant of any change of address.

Dated this 7th day of October, 2011.

Donald W. Molloy, District Judge
United States District Court