**FILED**

NOV 29 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| OLIVER EMANUEL PEARSON,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>Defendant. | Cause No. CV 10-00035-H-DWM<br><br>ORDER |

Pending is Plaintiff Oliver Pearson's Request for transcripts at the government's expense and for a certification that any appeal would not be frivolous.

The Court sees two issues at bar. First, the Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> 　(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Secondly, a litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense. 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"), overruled on other grounds by Heller v. McKinney, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or

2

appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question." Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984).

Given the issues raised at trial and the factual disputes at issue, the Court cannot say that an appeal would not be taken in good faith and it appears the transcript would be needed to decide any issue raised on appeal.

Accordingly, IT IS HEREBY ORDERED THAT the Court finds that Mr. Pearson's Notice of Appeal is not frivolous, he should be allowed to continue in forma pauperis on appeal, and the request to obtain transcripts at government expense is granted.

Dated this 29th day of November, 2011.

Donald W. Molloy, District Judge
United States District Court